UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LORENZO D. KYLES,**

    **Petitioner,**

v.                                                   Case No. 20-CV-77

**REED RICHARDSON,**

    **Respondent.**

---

### REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]

---

Lorenzo D. Kyles, who is currently incarcerated at the Stanley Correctional Institution, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Kyles has paid the statutory filing fee of $5.00; thus, his petition is ready for screening in accordance with Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, I review whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

My initial review of Kyles' habeas petition raises an immediate concern. Kyle states that he previously brought a petition for writ of habeas corpus pursuant to § 2254 in Eastern

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

District of Wisconsin Case No. 05-CV-385 and that his petition was dismissed as untimely. (Docket # 1 at 10.) Kyles includes the district court's decision as an exhibit to his habeas petition. (Docket # 1-2 at 22–28.)

A habeas petitioner seeking relief under 28 U.S.C. § 2254 is entitled to "one 'full and fair opportunity to raise a [federal] collateral attack'" on his conviction and sentence. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (quoting *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)). Thus, pursuant to 28 U.S.C. § 2244(b)(1), "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Further, "Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts." *Altman*, 337 F.3d at 766.

Not every petition counts for purposes of § 2244(b). For example, previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district or failing to pay the filing fee, are not counted. *Id.* However, a petition that is resolved in a way that satisfies the petitioner's one "full and fair opportunity to raise a federal collateral attack" does count for purposes of determining whether a habeas petition is successive because the petitioner is "incapable of curing the defect underlying the district court's judgment." *Id.* In *Altman*, the habeas petitioner sought permission from the Seventh Circuit Court of Appeals to authorize the district court to consider a successive petition under § 2254. The petitioner's previous habeas petition was dismissed as untimely because it was filed after the one year statute of limitations period for bringing habeas corpus petitions had expired. The court of appeals held:

> [Petitioner] filed his prior petition after the one-year statute of limitations expired, so the district court dismissed it as untimely. [Petitioner] can do

> nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely. He received his one opportunity to litigate a federal collateral attack, but he failed to do it in a timely manner. His prior petition therefore counts and he needs this court's permission to file another petition.

*Id.* As the Seventh Circuit stated in *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996), a district court "has no option other than to deny" a successive petition. "From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id.*

Again, Kyles previously brought a petition for a writ of habeas corpus pursuant to § 2254 in this court challenging his conviction in Milwaukee County Case No. 02-CF-2732 (Docket # 1 in Case No. 05-CV-385), the same conviction he now challenges in the present petition (Docket # 1 at 2 in Case No. 20-CV-77). Kyles' previous petition was denied as untimely filed. (Docket # 1-2 at 22–28.) Thus, Kyles' current petition is a second or successive petition for purposes of § 2244(b). As such, under 28 U.S.C. § 2244(b)(3)(A), Kyles may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Kyles has not done so. Without permission from the court of appeals, this court lacks jurisdiction to consider Kyles' petition. For this reason, I recommend that this action be dismissed for lack of jurisdiction. *Nuñez*, 96 F.3d at 991.

Any petitioner appealing a district court's ruling dismissing his motion under 28 U.S.C. § 2254 must first secure a certificate of appealability from the district court or the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v.*

*Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Therefore, as required by Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this Court certifies to the court of appeals that it has concluded jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). Therefore, I recommend that this Court decline to issue a certificate of appealability. Of course, Kyles retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b);

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 27th day of January, 2020.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge